# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MARY J. JONES,

                Plaintiff,      :      Case No. 3:13-cv-167

                                                District Judge Walter Herbert Rice
- vs -                                  Magistrate Judge Michael R. Merz

HONDA OF AMERICA MFG, INC.,

                Defendant.      :

## STIPULATED PROTECTIVE ORDER

On Stipulation (Doc. No. 10) of Plaintiff Mary J. Jones ("Plaintiff") and Defendant Honda of America, Mfg., Inc., ("Honda") and for good cause shown, pursuant to the Court's authority under Fed.R.Civ.P. 26(c):

IT IS HEREBY ORDERED that "Confidential Information," as defined herein, produced by the parties is hereby subject to the terms of this Protective Order and is produced pursuant to and because of this Protective Order.

IT IS HEREBY FURTHER ORDERED:

**A.    Definition of Confidential Information**

1.    "Confidential Information," as used in this Protective Order means: (a) any confidential, sensitive, personal or private information, and (b) any confidential business, proprietary, or trade secret information, that is produced or provided during the course of this

1

action which is stamped by the party producing the material with the notation "Confidential" to signify that it contains documents, information or testimony believed to be Confidential Information pursuant to Section B hereof. For purposes of this Protective Order, the term "document" shall have the meaning as defined in Federal Rule of Civil Procedure 34(a).

2. "Confidential Information" shall not include information which:

   a. Is filed in the public record by the party designating the information as "Confidential Information" or otherwise becomes publicly known through no fault of the receiving party;

   b. The receiving party or its counsel has, subsequent to the date of receipt of the information from the designating party, lawfully obtained from a third party under no obligation to maintain the confidentiality of the information or independently developed; or

   c. The receiving party can show through written document or otherwise that it was in rightful and lawful possession of at the time of receipt of the information from the designating party.

**B.     Procedure for Designating Material as Confidential Information**

3. Any party to this action shall have the right to designate as "Confidential" any document or ESI or other material produced during discovery, including but not limited to answers to interrogatories, responses to requests for admissions, declarations, affidavits, and deposition transcripts, which in good faith is determined to contain Confidential Information.

4. A party producing Confidential Information shall designate the material as Confidential Information by stamping or otherwise marking the notation "Confidential" on the first page of such designated document or by other means that notifies the parties that the

information is subject to this Protective Order. In lieu of marking originals, the producing party may mark copies of the documents that are produced or exchanged. With respect to electronic data or information, the designating party may designate such material as confidential by marking the notation "Confidential" on a label affixed to the disk, tape, or other medium on which the information is stored or by other means that notifies the parties that the information is subject to this Protective Order.

5. All depositions, including any document marked as an exhibit or otherwise appended to the deposition, shall be treated as Confidential Information under the terms of this Protective Order if designated at any time during a deposition or within ten (10) days after receipt of a deposition transcript. During that ten (10) day period, all transcripts and the information contained in them will be deemed to be Confidential Information in their entirety under the terms of this Protective Order. Where practical, the party making such a designation will indicate the pages or sections of the transcript that are to be treated as Confidential Information. All copies of deposition transcripts that contain Confidential Information shall be prominently marked "Confidential" on the cover.

6. A party may designate as Confidential Information any documents, information or testimony produced or furnished in this matter by it or a non-party who came into possession of such information under circumstances in which the confidentiality was not waived as a matter of law, including, but not limited to, attorneys, experts, accountants, consultants, health care providers, appraisers, agents and employees, by informing opposing counsel in writing of such designation within twenty (20) business days of receipt of the document, information or testimony.

7. Inadvertent production of any document or information without a designation of "Confidential" will not be deemed to waive a party's claim to its confidential nature or estop that party from designating the document or information as "Confidential" at a later date through a supplemental written notification. Upon receipt of such a supplemental written notice, counsel for the receiving party shall undertake to recover from any person to whom such Confidential Information was disclosed all copies and abstracts of the Confidential Information that is the subject of the supplemental written notice and shall instruct all persons who viewed the material as to the appropriate treatment thereof. Disclosure of the document or information by the receiving party prior to such later designation shall not be deemed a violation of the provisions of this Order.

8. If a party produces multiple identical copies of a document (but with different bates numbers) and one has not been designated as Confidential Information, all otherwise identical copies shall be treated as Confidential Information.

C. **Qualified Persons with Access to Confidential Information**

9. The designation of documents, information or testimony as Confidential Information shall mean that such shall be used only for the litigation, trial and/or settlement of this action and shall not be disclosed or transmitted, verbatim or in substance, to anyone except the following:

    a. The attorneys of record in this action and their associated attorneys, legal assistants, and staff members working on the action to the extent reasonably necessary to render professional services in the action;

    b. The named party, if a natural person, provided that before receiving Confidential Information, the party agree in writing that he or she has read a

4

    copy of this Protective Order and agrees to be bound by its provisions including, without limitation, that he or she will not use the Confidential Information for any purpose other than this litigation and will return all Confidential Information that has been provided to him or her at the conclusion of the litigation (including any appeals);

c. If the party is an entity, such officers or employees of the party who are actively involved in the prosecution or defense of this action, provided that before receiving Confidential Information, the officer or employee agree in writing that he or she has read a copy of this Protective Order and agrees to be bound by its provisions including, without limitation, that he or she will not use the Confidential Information for any purpose other than this litigation and will return all Confidential Information that has been provided to him or her at the conclusion of the litigation (including any appeals);

d. Independent consultants and/or experts retained by the parties or counsel to work on the action who agree to abide by this Order, provided that before making disclosure of Confidential Information to outside experts or consultants, the party must obtain an agreement in writing from such person reciting that he or she has read a copy of this Protective Order and agrees to be bound by its provisions including, without limitation, that he or she will not use the Confidential Information for any purpose other than this litigation and will return all Confidential Information that has been provided to him or her at the conclusion of the litigation (including any appeals);

e. Non-party witnesses necessary to the prosecution or defense of this action, provided that before making disclosure of Confidential Information to non-party witnesses, the party must obtain an agreement in writing from such person reciting that he or she has read a copy of this Protective Order and agrees to be bound by its provisions including, without limitation, that he or she will not use the Confidential Information for any purpose other than this litigation and will return all Confidential Information that has been provided to him or her at the conclusion of the litigation (including any appeals);

f. Such persons as the undersigned counsel shall mutually consent to in writing or on the record prior to the proposed disclosure;

g. Stenographic reporters engaged for depositions or other proceedings necessary to the conduct of the action;

h. The Court and Court personnel.

10. Each individual listed in a-f above, shall be deemed to be an agent of the party that discloses the information to them, and that party shall be responsible for any disclosure of Confidential Information beyond that authorized in this Protective Order.

**D. Restrictions on the Use and Disclosure of Confidential Information**

11. Persons obtaining access to items designated as "Confidential" shall use the information solely for the litigation, trial and/or settlement of this action.

12. If a party wishes to file Confidential Information with the Court, the party must seek leave from the Court to file the Confidential Information under seal and shall file such material in accordance with S.D. Ohio Civ. R. 79.3. Per authority of *Procter &Gamble Co.v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996), no document may be filed with the Court under

6

seal without prior permission as to each such filing, upon motion and for good cause shown, including the legal basis for filing under seal.  This Protective Order does not authorize filing under seal.  If the Court grants the motion for leave to file under seal, the Confidential Information shall be filed with the Clerk of Court under seal.  If the Court denies the motion for leave to file under seal, the Court may order that the Confidential Information be filed on the public record (*i.e.*, the Court finds the document, testimony, or information at issue is not Confidential) or that the Confidential Information be returned to the moving party and not be made publicly available (*i.e.*, the Court finds the document, testimony, or information at issue is Confidential but that the motion for leave was improper or deficient).

13. Redacted versions of sealed documents and materials may be filed with the Court in accordance with normal procedures and made publicly available provided that (a) all Confidential Information and all passages in which such Confidential Information is quoted, incorporated, or cited are redacted from such filings; and (2) redacted versions are clearly marked "Public Version - Confidential Material Omitted" or marked in a substantially similar manner.  Redacted versions must also clearly identify each place where information or exhibits have been redacted.  A notation to the effect of "redacted" will be sufficient.

14. If a party wishes to publicly file with the Court documents, testimony, or information that has been designated as "Confidential" by another party that the party does not believe is entitled to be treated as "Confidential," it should follow the procedures set forth in Paragraph 17 below regarding disputes as to Confidential Information.

15. If, at the time of trial or in connection with any pretrial or settlement hearing, counsel for a party intends to introduce any material made subject to this Order, he or she shall so inform the Court and opposing counsel as far in advance as possible, and the Court may take

such steps, at the request of the opposing counsel or on its own initiative, as it deems necessary to preserve the confidentiality of such material subject to this Order.

16.    Neither the parties nor their counsel of record shall discuss or disclose the contents of any Confidential Information with any other person, except between themselves for purposes of this action and as otherwise permitted in this Order.

E.  **Dispute as to Confidential Information Designation**

17.    If any party believes that a document, testimony or other information that has been designated as "Confidential" is not entitled to be treated as such, the party will notify the designating party of its disagreement with the confidential designation.  Counsel for the parties shall meet and confer in an attempt to reach an agreement regarding the confidential status of the document, testimony or information within ten (10) business days after the opposing party has advised the producing party of its disagreement with the confidential designation.  If the matter is not resolved by the parties themselves, the party claiming the confidential status of documents, information or testimony shall bring the dispute before the Court for a determination and have the burden of proof on establishing the need for protection of such information.

F.  **Inadvertent Production of Privileged Materials; No Admission or Waiver**

18.    Pursuant to Fed. R. Evid. 502(d), the inadvertent or unintentional disclosure of any documents, information or testimony protected by the attorney-client privilege, work product doctrine, or any other privilege ("Privileged Material") shall not be construed to be a waiver, in whole or in part, of that party's claim to privilege; nor shall any discreet waiver of privilege constitute a general waiver of privilege or protection.

19. If the receiving party determines that the producing party inadvertently produced Privileged Material, the receiving party shall immediately return the Privileged Material to the producing party.

20. If the producing party determines that it inadvertently produced Privileged Material, the party may, within ten (10) days after the producing party actually discovers that such inadvertent production or disclosure occurred, notify the other party that such Privileged Material was inadvertently produced and should have been withheld as privileged. Once the producing party provides such notice to the receiving party, the receiving party shall: (a) promptly return the specified Privileged Material and any copies thereof; (b) retrieve from any third parties to which the receiving party has disclosed such Privileged Material and any copies thereof, and any notes or any other documents or ESI such third party created that reflect the contents of the Privileged Material; (c) destroy, and certify such destruction to the producing party, of any notes or any other documents or ESI it or third parties created that reflect the contents of the Privileged Material; and (d) refrain from disclosing the substance of such Privileged Material to any third-party. A producing party cannot seek the return of inadvertently produced Privileged Material after the Privileged Material has been used as evidence in a deposition or at trial. By complying with these obligations, the receiving party does not waive any right to challenge the assertion of privilege and to request an order of the Court denying such privilege and compelling production of such Privileged Material. In the event of a challenge by the receiving party to the assertion of privilege with respect such inadvertently produced document or ESI, the party asserting the privilege shall submit such document or ESI to the Court for in camera inspection.

21. Nothing in this Protective Order is intended to alter any professional conduct or ethics requirements with respect to inadvertently produced information.

**G. Jurisdiction and Return of Documents**

21. The provisions of this Protective Order shall apply to any and all documents or information produced or disclosed in this action.

22. This Protective Order shall survive the final termination of this case, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.

23. Within ten (10) business days after the conclusion of this action, by settlement or adjudication, including any appellate proceedings, the Confidential Information (and all copies, transcriptions, or reproductions in any form whatsoever) produced or provided by the parties shall either (a) be returned to the producing party's respective counsel; or (b) the receiving party's counsel confirm in writing that all copies of such information have been destroyed. Nothing in this paragraph shall preclude counsel for either party from maintaining copies of work product materials which in the good faith judgment of counsel must be maintained for purposes of defending against potential malpractice claims.  If counsel for either party has a good faith belief that work product abstracts or summaries of Confidential Information must be maintained for the defense of potential malpractice claims, counsel shall serve opposing counsel with a written request to maintain copies of such information until the end of the applicable statutes of limitations periods for professional malpractice claims.

August 15, 2013.

                                                          s/ *Michael R. Merz*
                                                    United States Magistrate Judge

AGREED AND SUBMITTED BY:

Respectfully submitted,

| | |
|---|---|
| /s/ Francis J. Landry (per agreement) | /s/ Douglas R. Matthews |
| Francis J. Landry (Ohio # 0006072) | Douglas R. Matthews (Ohio # 0039431) |
| Wasserman, Bryan, Landry & Honold, LLP | Tyler B. Pensyl (Ohio # 0080649) |
| 330 Inns of Court Building | Vorys, Sater, Seymour and Pease LLP |
| 405 N. Huron Street | 52 East Gay Street |
| Toledo, Ohio 43604 | Columbus, Ohio 43216 |
| Telephone: (419) 243-1239 | Telephone:  (614) 464-5460 |
| Facsimile:  (419) 243-2719 | Facsimile:   (614) 719-4843 |
| Email:  FLandry308@aol.com | Email:  drmatthews@vorys.com |
| | tbpensyl@vorys.com |
| *Attorney for Plaintiff Mary J. Jones* | *Attorneys for Defendant Honda of America Mfg., Inc.* |